# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DESIRAY ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-1075-F ) |
| MR. GILL, | ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted to this Court for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth, Plaintiff's action should be dismissed without prejudice because he has failed to prosecute his case.

### I. Factual Background / Procedural History

On September 28, 2015, Plaintiff filed his initial pleading which consisted of a three-page handwritten submission. *See* Complaint [Doc. No. 1]. At the time of filing, Plaintiff neither paid the required $400.00 filing fee nor submitted an application for leave to proceed in forma pauperis. By Order [Doc. No. 4] dated October 5, 2015, the Court directed Plaintiff to cure these deficiencies. Specifically, the Court ordered Plaintiff to pay the filing fee or submit an in forma pauperis application and to submit the complaint on a proper form and name a proper defendant. Petitioner did not timely cure the deficiencies as directed.

Thereafter, by Order [Doc. No. 5] dated November 2, 2015, the Court sua sponte granted Plaintiff additional time, until November 16, 2015, to cure the deficiencies. Plaintiff was

cautioned that failure to cure the deficiencies may result in the dismissal of this action without prejudice to refiling.

On November 13, 2015, Plaintiff filed an Amended Complaint [Doc. No. 6] utilizing the proper form and naming as Defendant, "Mr. Gill." On that same date, Plaintiff filed an Application for Leave to Proceed In Forma Pauperis [Doc. No. 7]. Plaintiff did not, however, submit a certified copy of his institutional account statement. *See* 28 U.S.C. § 1915(a)(2). The Court entered an Order to Cure Deficiency [Doc. No. 8] and directed Plaintiff to cure this deficiency on or before November 27, 2015.

Belatedly, on December 2, 2015, Plaintiff submitted a letter, *see* Correspondence [Doc. No. 9], stating that he was on lockdown and unable to contact the proper authorities to assist him with curing the deficiencies. By Order [Doc. No. 10] dated December 3, 2015, the Court sua sponte extended Plaintiff's deadline to cure the deficiencies until December 23, 2015. The Court expressly advised Plaintiff that it did not contemplate granting any further extensions of time to cure these deficiencies and that the failure to cure the deficiencies may result in the dismissal of the action without prejudice to refiling. As of this date, Petitioner has not cured the deficiencies. He has not paid the $400.00 filing fee, submitted a certified copy of his institutional account statement, sought an extension of time within which to do so, or shown good cause for his failure to comply with the Court's Orders.

## II. Analysis

Plaintiff has failed to comply with the provisions of 28 U.S.C. § 1915(a)(2) and this Court's local rules. *See* LCvR 3.2, 3.3 and 3.4. Plaintiff's prolonged and unexcused delay in curing the deficiencies identified above constitutes a failure to prosecute this action and as a result, this action should be dismissed without prejudice to refiling. *See, e.g.*, *AdvantEdge*

*Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing a district court's authority to dismiss a case sua sponte for failure to prosecute). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge*, 552 F.3d at 1236.

Plaintiff has been warned on multiple occasions that his failure to pay his filing fee or cure the deficiencies accompanying his in forma pauperis application may result in the dismissal of this action. The Court has, sua sponte, granted Plaintiff multiple extensions to comply with its orders directing Plaintiff to cure the deficiencies. Plaintiff's repeated failure to comply has interfered with the Court's ability to manage its docket and resolve this action in an orderly and expeditious manner. Under these circumstances, it is recommended that the action be dismissed without prejudice to refiling.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice to the filing of a new action.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by January 20, 2016. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of December, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE